NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | Criminal No. 12-475 (CCC) |
| v. | : | |
| | : | OPINION |
| MARYAM JAFARI | : | |
| | : | |
| Defendant. | : | |

**CECCHI, U.S.D.J.**

Presently before the Court is Defendant's motion to dismiss the Superseding Indictment based on prosecutorial misconduct or, in the alternative, for an evidentiary hearing. Having considered the submissions of both Defendant and the government, the Court will deny the motion for the reasons that follow.

**I.    BACKGROUND**

The essence of Defendant's argument is that the government intentionally withheld exculpatory information contained in emails between her and C.P., a cooperating witness. Defendant requests that the Superseding Indictment be dismissed for prosecutorial misconduct because the government: (1) violated its Brady[1] obligations; and (2) did not comply with this Court's discovery order and Rule 16 of the Federal Rules of Criminal Procedure. In the alternative, Defendant seeks an evidentiary hearing on her allegations.

The chronology of events is as follows. On September 21, 2012, Defendant requested that the government provide her with copies of emails between herself and the cooperating

___

[1] See Brady v. Maryland, 373 U.S. 83 (1963).

witnesses in this matter, including C.P. On September 28, 2012, the government sent Defendant its preliminary exhibit list, which included one email from C.P. to Defendant and one email from E.J. (another cooperator) to C.P. The emails do not appear to relate to the subject of the Superseding Indictment, but to an unrelated business of C.P.'s known as AIMS Education, which provided training for health care workers. Thereafter, on October 1, 2012, Defendant inquired again as to whether the government possessed any additional emails between her and C.P. Later that same day, the government responded that it was unaware of any further correspondence.

Documents submitted by the government reveal that, on the next day, October 2, 2012, the government asked C.P.'s counsel whether his client had any additional emails with Defendant. According to the government, this request was made to ensure that it was accurately responding to Defendant's inquiries regarding the existence of any additional emails. In the meantime, the government reiterated to Defendant that its understanding was that C.P. had no additional emails with Defendant, but that any further emails that it discovered would be provided.

The government's documents further show that, later on October 2, 2012, counsel for C.P. forwarded additional emails with Defendant that C.P. had located, and informed the government that C.P provided other emails to the investigation's case agent in July, 2012.[2] Upon the government's inquiry, the case agent forwarded the emails in question. Within approximately one hour of receipt, the government sent the additional emails to Defendant.

In the meantime, Defendant produced to the government her preliminary exhibit list, along with copies of emails between her and C.P. Almost every email disclosed by Defendant was a duplicate of those provided by the government. Nonetheless, because Defendant's

---

[2] The government has acknowledged that the case agent is part of the "government" for purposes of its discovery obligations.

disclosure of the emails occurred slightly before the government's provision of the additional C.P. emails that same evening, Defendant alleges that such emails were intentionally withheld by the government.

II. **DISCUSSION**

   1. **Dismissal of the Superseding Indictment**

      A. **Alleged Brady Violations**

The first ground for Defendant's request to dismiss the Superseding Indictment for prosecutorial misconduct is based on the government's alleged failure to disclose Brady material (the emails), in violation of her right to due process. In response to Defendant's argument in this regard, the government asserts that it did not commit a Brady violation and that Defendant has not shown deliberate misconduct, which is required to obtain a dismissal based on failure to comply with Brady. For the reasons that follow, Defendant's request for dismissal on this ground is denied.

"To establish a Brady violation requiring relief, a defendant must show that "(1) the government withheld evidence, either willfully or inadvertently; (2) the evidence was favorable, either because it was exculpatory or of impeachment value; and (3) the withheld evidence was material." United States v. Walker, 657 F.3d 160, 185 (3d Cir. 2011) (internal quotations omitted). Evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Id. (internal citations and quotations omitted); see also United States v. Bagley, 473 U.S. 667, 682 (1985)). Brady "is not a discovery rule, but a rule of fairness and minimum prosecutorial obligation." United States v. Starusko, 729 F.2d 256, 262 (3d Cir. 1984) (quotations omitted). As such, the government is not required "to furnish a defendant with information which [she]

3

already has or, with any reasonable diligence, [she] can obtain [herself]" to comply with its Brady obligations. Id. (internal citations and quotations omitted). Moreover, in addition to these requirements, a true Brady violation requires a showing of prejudice to the defendant. See id.; Strickler v. Greene, 527 U.S. 263, 281-82 (1999).

Even when a Brady violation has occurred, dismissal of an indictment with prejudice is only *potentially* available in cases of deliberate misconduct by the government which resulted in substantial prejudice to the defendant. Gov't of the V.I. v. Fahie, 419 F.3d 249, 254-55, 259 (3d Cir. 2005) ("While retrial is normally the most severe sanction available for a Brady violation, where a defendant can show both willful misconduct by the government, and prejudice, dismissal may be proper."). Accordingly, in addition to demonstrating a Brady violation, a defendant seeking dismissal must also show both that the government deliberately suppressed the evidence and that prejudice resulted. Id. at 254-55. Moreover, as the Third Circuit noted in Fahie, "in all jurisdictions, dismissal with prejudice is in practice a rare sanction for any constitutional violation."[3] Id. at 254.

Defendant has not demonstrated that a Brady violation has occurred, let alone that the government deliberately engaged in such misconduct. As an initial matter, it does not appear that evidence was suppressed by the government. The correspondence between counsel indicates that the government did not withhold the emails at issue, but rather searched for and disclosed them nearly three weeks before trial, and within a few days of Defendant's request. The Court finds that the government represented in good faith that it had no knowledge of additional emails and, upon discovering that more emails did exist, promptly notified Defendant

---

[3] The Circuit further stated that, at the time Fahie was issued, there was "no case where a federal appellate court upheld dismissal with prejudice as a remedy for a Brady violation." Id. at 254, n.6.

4

and provided the emails. Defendant has cited no caselaw where the government is sanctioned, let alone an indictment dismissed, for the *pretrial* disclosure of Brady material.[4] The Court presumes this is so because in this Circuit "no denial of due process occurs if Brady material is disclosed in time for its effective use at trial." Starusko, 729 F.2d at 262; United States v. Higgs, 713 F.2d 39, 44 (3d Cir. 1983). Indeed, even mid-trial Brady disclosures have been held not to violate a defendant's due process rights. See United States v. Johnson, 816 F.2d 918, 924 (3d Cir. 1987); United States v. Kaplan, 554 F.2d 577, 580 (3d Cir. 1977).

Moreover, it appears that Defendant possessed the purportedly exculpatory emails prior to the time they were provided by the government.[5] As the government is not required to furnish a defendant with information she either has, or can reasonably obtain, Defendant has not shown that the government failed to comply with its Brady obligations. See Starusko, 729 F.2d at 262.

As Defendant has not established a Brady violation, it necessarily follows that she has not shown deliberate misconduct by the government which warrants dismissal of the Superseding Indictment. See Fahie, 419 F.3d at 254-57 (reversing district court's dismissal, despite finding that the government violated Brady by only disclosing evidence after a witness discussed it at trial, because Defendant had not shown willful misconduct). Accordingly, Defendant's motion to dismiss on this ground is denied.

**B.     Failure to comply with the Court's discovery order and Federal Rule of Criminal Procedure 16**

---

[4] The Court assumes the emails are Brady material for purposes of the instant motion, but makes no determination in that regard.
[5] Defendant appears to have possessed all emails in question, with the exception of two emails that merely contain C.P.'s expressions of thanks to Defendant.

5

The second ground for Defendant's request that the Superseding Indictment be dismissed is based on the government's purported failure to comply with this Court's discovery order and with Federal Rule of Criminal Procedure 16.

To obtain dismissal of an indictment for discovery violations by the government, a defendant must demonstrate both substantial prejudice and willful government misconduct, the same standard applicable to dismissal for a Brady violation. Fahie, 419 F.3d at 259. For the reasons expressed in connection with this Court's discussion of Brady, Defendant has failed to satisfy either prong. Defendant has not been substantially prejudiced, as the emails were disclosed pretrial and, in any event, were in Defendant's possession. In addition, Defendant has failed to show deliberate misconduct on the part of the government, as the material in question was voluntarily disclosed prior to trial. Accordingly, Defendant's request to dismiss the Superseding Indictment on this ground is denied.

## 2. Evidentiary Hearing

Alternatively, Defendant requests that the Court conduct an evidentiary hearing on this issue.

A party is not entitled to a pretrial evidentiary hearing as a matter of course. See Fed. R. Crim. P. 12(c). Rather, an evidentiary hearing is required only when a defendant's motion is "sufficiently specific, non-conjectural, and detailed" to show: (1) a "colorable" constitutional claim; and (2) disputed issues of fact material to its resolution. United States v. Hines, 628 F.3d 101, 105 (3d Cir. 2010). To be "colorable," a claim must contain more than "bald-faced allegations of misconduct." United States v. Voight, 89 F.3d 1050, 1067 (3d Cir. 1996) (citations omitted). Indeed, "in order to receive a pretrial evidentiary hearing," there must be "significant factual disputes." United States v. Jackson, 363 Fed. Appx. 208, 210 n.2 (3d Cir.

2010). In addition, a defendant seeking such a hearing must "make a *prima facie* showing of the alleged wrongdoing." United States v. Nissenbaum, 50 Fed. Appx. 87, 87-88 (3d Cir. 2002); see also United States v. Glass, 128 F.3d 1398, 1408-09 (10th Cir. 1997) (an evidentiary hearing is only required when a defendant meets its burden to show there are material facts in dispute that are sufficiently definite, specific and non-conjectural); United States v. Panitz, 907 F.2d 1267, 1273-74 (1st Cir. 1990) ( "The test for granting an evidentiary hearing in a criminal case should be substantive: did the defendant make a sufficient threshold showing that material facts were in doubt or dispute?"). The purpose of an evidentiary hearing is to "assist the court in ruling on specific allegations of unconstitutional conduct . . . *not* to assist the moving party in making discoveries that, once learned, might justify the motion after the fact." Hines, 628 F.3d at 106 (emphases added).

Here, Defendant's allegations do not warrant an evidentiary hearing because she has not raised a "colorable claim" of a constitutional violation.

As an initial matter, as discussed at length above, Defendant's Brady allegations do not appear to be "colorable," and do not warrant a hearing. Defendant's briefs show that she possesses the information she claims is exculpatory. As a result, she has not suffered any prejudice, the hallmark of a Brady violation, and there is no basis for her claim in that regard. See Strickler, 527 U.S. at 281-82; Kaplan, 554 F.2d at 580-81.

Further, the facts here differ dramatically from cases where the Third Circuit has suggested a pre-trial hearing should be held. See e.g., Voight, 89 F.3d at 1066-67 (stating that the court should have conducted an evidentiary hearing on a misconduct motion where the defendant and the government submitted conflicting affidavits regarding whether a confidential informant was also the defendant's personal attorney and breached the attorney-client privilege

7

in assisting the government). Voight stands in stark contrast to the allegations here, where the government has actually provided the emails in question.

Accordingly, Defendant's motion for an evidentiary hearing on prosecutorial misconduct is denied.

III. **CONCLUSION**

For the reasons set forth above, Defendant's motion to dismiss the Superseding Indictment based on prosecutorial misconduct or, in the alternative, for an evidentiary hearing is hereby **denied**.

An appropriate Order accompanies this Opinion.

CLAIRE C. CECCHI, U.S.D.J.

DATED: October 26, 2012